UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVIER ALEJANDRO MEDILLIN GAITAN,<br><br>Petitioner,<br><br>v.<br><br>WARDEN,<br><br>Respondent. | No. 1:26-cv-01233-DC-DMC (HC)<br><br>ORDER GRANTING PETITIONER'S MOTION FOR A PRELIMINARY INJUNCTION AND PETITION FOR WRIT OF HABEAS CORPUS<br><br>(Doc. Nos. 11, 11-1) |

This matter is before the court on Petitioner's motion for a preliminary injunction (Doc. No. 11-1), filed in conjunction with his amended petition for a writ of habeas corpus brought under 28 U.S.C. § 2241, challenging his ongoing immigration detention. (Doc. No. 11.)

This court has previously addressed the legal issues raised by Count Three of the petition (Doc. No. 11 at 8, 11). Specifically, this court has found that the Due Process Clause requires that, in order for the government to re-detain a noncitizen who has been previously released on bond or conditional parole under 8 U.S.C. § 1226(a), or humanitarian parole under 8 U.S.C. § 1182(d)(5), the government must provide a pre-deprivation bond hearing before a neutral arbiter at which the noncitizen's eligibility for bond must be considered. *See Selis Tinoco v. Noem*, 1:25-cv-01762-DC-JDP, 2025 WL 3567862 (E.D. Cal. Dec. 14, 2025) (granting motion for temporary restraining order and immediate release of the petitioner based on his likelihood of success on the merits of his due process claim); *Labrador-Prato v. Noem*, 1:25-cv-01598-DC-SCR, 2025 WL

1

3458802 (E.D. Cal. Dec. 2, 2025) (same); *D.L.C. v. Wofford*, 1:25-cv-01996-DC-JDP, 2026 WL 25511 (E.D. Cal. Jan. 5, 2026) (same); *Altin v. Chestnut*, No. 1:26-cv-00792-DC-CSK, Doc. No. 8 (E.D. Cal. Feb. 5, 2026) (granting motion for temporary restraining order and habeas petition as to the petitioner's due process claim).

On March 16, 2026, the court issued an order informing the parties that it was considering ruling directly on the amended petition and asking both parties whether they oppose simultaneous resolution of the motion for a preliminary injunction and habeas petition. (Doc. No. 13.) The court also directed Respondent to address whether there are any factual or legal issues in this case that materially distinguish it from this court's prior orders in *Selis Tinoco*, *Labrador-Prato*, and *D.L.C.* (*Id.*)

On March 16, 2026, Respondent filed an opposition to motion for a preliminary injunction in which he opposes Petitioner's motion on the same grounds as those addressed by the court in the aforementioned cases, but acknowledges that "the factual and legal issues present here are not substantively distinguishable from such cases." (Doc. No. 14 at 1.) Respondent further indicates that he "does not oppose the Court ruling directly on the Amended Petition." (*Id.*) On March 17, 2026, Petitioner filed his reply indicating that he likewise does not oppose the court ruling on the amended petition. (Doc. No. 15 at 9.)

Because Respondent has not made any new legal arguments and have not identified any factual or legal issues in this case that would distinguish it from the court's aforementioned prior decisions, the court will grant Petitioner's motion for a preliminary injunction (Doc. No. 11-1) and amended petition for writ of habeas corpus (Doc. No. 11) as to Count Three for the reasons set forth in the court's order in *Altin*.[1] Further, as the court found in *Altin*, the proper remedy for

---

[1] Because the court is granting the petition on the due process claim (Count Three), the court need not address any additional grounds raised in the amended petition. *See N.K. v. Noem*, No. 1:26-cv-00292-KES-SAB (HC), 2026 WL 130345, at *1 (E.D. Cal. Jan. 16, 2026) (granting habeas petition as to the second count of the petition and not addressing other counts because the petitioner was entitled to the relief sought based on the court's ruling as to that second count); *Constantinovici v. Bondi*, No. 3:25-cv-02405-RBM-AHG, 2025 WL 2898985, at *7 (S.D. Cal. Oct. 10, 2025) (granting habeas petition based on due process claim and "declin[ing] to address the remaining grounds in the Petition for seeking release"). Indeed, Petitioner is entitled to the habeas relief he seeks based on the court's ruling as to Count Three.

Respondent's failure to provide Petitioner with a constitutionally compliant pre-deprivation bond hearing is Petitioner's immediate release. *Id.* at 12–13.

Accordingly,

1.    Petitioner's amended petition for writ of habeas corpus (Doc. No. 11) and motion for a preliminary injunction (Doc. No. 11-1) are GRANTED as follows:

  a.    Petitioner Javier Alejandro Medillin Gaitan shall be released immediately from Respondent's custody with the same conditions he was subject to immediately prior to his detention on October 24, 2025. Respondent shall not impose any additional restriction on him, such as electronic monitoring, unless that is determined to be necessary at a future pre-deprivation/custody hearing;

  b.    If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter, at which Petitioner's eligibility for bond must be considered; and

  c.    This order does not address the circumstances in which Respondent may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal; and

2.    The Clerk of the Court is directed to enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

Dated:    **March 18, 2026**

_____
Dena Coggins
United States District Judge

3